**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CARLEEN COULTER, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiffs*, | **DECLARATION OF KATHLEEN STETSKO IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL** |
| vs. | |
| HUDSON GROUP (HG) RETAIL, LLC, D/B/A HUDSON NONSTOP and DUFRY AMERICA, LLC, | |
| *Defendants*. | |

I, Kathleen Stetsko, declare as follows:

1.      I am an attorney at law duly licensed to practice in the State of Illinois.  I am a senior counsel at the law firm of Perkins Coie LLP, and counsel of record for Defendants Hudson Group Retail, LLC ("Hudson") and Dufry America, LLC ("Dufry America") (together, "Defendants") in the above-captioned matter.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would testify competently to such facts under oath.

2.      I submit this Declaration in support of the Defendants' notice of removal, filed concurrently herewith.

3.      On September 20, 2023, plaintiff Carleen Coulter ("Plaintiff") filed a civil action in the Circuit Court of Cook County entitled *Carleen Coulter, individually and on behalf of all others similarly situated, v. Hudson Group (HG) Retail, LLC, d/b/a Hudson Nonstop and Dufry America, LLC.*, Case No. 2023CH08295 (the "State Court Action").

4.       Plaintiff served Hudson with the State Court Action on October 27, 2023.  A true and correct copy of all process, pleadings, and orders served on Hudson in the State Court Action are attached hereto as **Exhibit A.**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 28, 2023

By: _Kathleen A. Stetsko_
Kathleen A. Stetsko

Attorney for Defendants

6522685

# EXHIBIT A

6522685

Case: 1:23-cv-16176 Document #: 1-1 Filed: 11/21/23 Page 4 of 43 PageID #:10
This form is approved by the Illinois Supreme Court and must be accepted in all Illinois courts.
Forms are free at **ilcourts.info/forms.**

| **STATE OF ILLINOIS, CIRCUIT COURT** | **SUMMONS** | *For Court Use Only* |
|---|---|---|
| <u>Cook</u> **COUNTY** | | **FILED** 10/26/2023 11:02 AM IRIS Y. MARTINEZ CIRCUIT CLERK COOK COUNTY, IL 2023CH08295 Calendar, 11 24955036 |

<table>
<tr><td><b>Instructions</b> ▼</td><td>Carleen Coulter</td><td></td></tr>
<tr><td>Enter above the county name where the case was filed.</td><td><b>Plaintiff / Petitioner</b> <i>(First, middle, last name)</i></td><td></td></tr>
<tr><td>Enter your name as Plaintiff/Petitioner.</td><td>v.</td><td></td></tr>
<tr><td>Below "Defendants/ Respondents," enter the names of all people you are suing.</td><td><b>Defendants / Respondents</b> <i>(First, middle, last name)</i><br>Hudson Group (HG) Retail, LLC d/b/a<br>Hudson Nonstop and Dufry America, LLC</td><td><u>2023CH08295</u><br><br><b>Case Number</b></td></tr>
<tr><td>Enter the Case Number given by the Circuit Clerk.</td><td>☑ <b>Alias Summons</b> <i>(Check this box if this is not the 1<sup>st</sup> Summons issued for this Defendant.)</i></td><td>Hearing Date: No hearing scheduled<br>Location: &lt;&lt;CourtRoomNumber&gt;&gt;<br>Judge: Calendar, 11</td></tr>
</table>

# IMPORTANT: You have been sued.

- Read all documents attached to this Summons.

- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.

- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

### Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

| | | |
|---|---|---|
| • All criminal cases | • Order of protection | • Adult guardianship |
| • Eviction | • Paternity | • Detinue |
| • Small Claims | • Stalking no contact orders | • Foreclosure |
| • Divorce | • Civil no contact orders | • Administrative review cases |

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

FILED DATE: 10/26/2023 11:02 AM   2023CH08295

| | |
|---|---|
| In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here. | |

**1.   Defendant/Respondent's address and service information:**

    a.   Defendant/Respondent's primary address/information for service:

        Name *(First, Middle, Last)*:   Hudson Group (HG) Retail, LLC

        Registered Agent's name, if any:   Illinois Corporation Service Company

        Street Address, Unit #:   801 Adlai Stevenson Drive

        City, State, ZIP:   Springfield, IL 62703

        Telephone:   _____   Email:   _____

> In **1b**, enter a second address for the first Defendant/ Respondent, if you have one.

    b.   If you have more than one address where Defendant/Respondent might be found, list that here:

        Name *(First, Middle, Last)*:   Hudson Group (HG) Retail, LLC

        Street Address, Unit #:   251 Little Falls Drive

        City, State, ZIP:   Wilmington, Delaware 19808

        Telephone:   _____   Email:   _____

> In **1c**, check how you are sending your documents to this Defendant/ Respondent.

    c.   Method of service on Defendant/Respondent:

        ☐ Sheriff      ☐ Sheriff outside Illinois: _____
                                               *County & State*

        ☑ Special process server      ☐ Licensed private detective

> Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached.

☐   **I am serving more than 1 Defendant/Respondent.**

I have attached   _____   *Additional Defendant/Respondent Address*
                        *Number*
*and Service Information* forms.

> In **2a**, enter the amount of money owed to you. Check **2b** if you are asking for the return of tangible personal property.

**2.   Information about the lawsuit:**

    a.   Amount claimed:   $ 100,000,000

    b.   ☐ I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).

> In **3**, enter your complete address, telephone number, and email address, if you have one.

**3.   Contact information for the Plaintiff/Petitioner:**

    Name *(First, Middle, Last)*: Justin N. Boley / Wexler Boley & Elgersma LLP

    Street Address, Unit #:   311 South Wacker Drive, Suite 5450

    City, State, ZIP:   Chicago, IL 60606

    Telephone:   312-346-2222      Email:   jnb@wbe-llp.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

> **Important information for the person getting this form**

You have been sued. Read all of the documents attached to this *Summons*.
To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms.

> Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

**4.   Instructions for person receiving this *Summons* (Defendant):**

☑   a.   To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

        Address:   Richard J. Daley Center, 50 West Washington Street

        City, State, ZIP:   Chicago, IL 60602

FILED DATE: 10/26/2023 11:02 AM 2023CH08295

| In **4a,** fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* |
|---|

☐ b.  Attend court:

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
     *Date*           *Time*                      *Courtroom*

**In-person at:**

_____
*Courthouse Address*      *City*              *State*    *ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**

| In **4b,** fill out:<br>•The court date and time the clerk gave you.<br>•The courtroom and address of the court building.<br>•The call-in or video information for remote appearances (if applicable).<br>•The clerk's phone number and website. All of this information is available from the Circuit Clerk. |
|---|

By telephone: _____
                   *Call-in number for telephone remote appearance*

By video conference: _____
                          *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                      *Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
   *Website*

| **STOP!**<br>The Circuit Clerk will fill in this section. |
|---|

**Witness this Date:** _____

**Clerk of the Court:** 10/26/2023 11:02 AM IRIS Y. MARTINEZ
_____

*(Circuit Court of Cook County, Illinois seal)*

| **STOP! The officer or process server will fill in the Date of Service** |
|---|
| **Note to officer or process server:**<br>   • If 4a is checked, this *Summons* must be served within 30 days of the witness date.<br>   • If 4b is checked, this *Summons* must be served at least 40 days before the court date, unless 2b is also checked.<br>      o  If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date. |

Date of Service: _____
                *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.**
**Forms are free at ilcourts.info/forms.**

FILED DATE: 10/26/2023 11:02 AM   2023CH08295

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|
| Cook _____ COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Carleen Coulter _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. Hudson Group (HG) Retail, LLC d/b/a Hudson Nonstop and Dufry America, LLC _____ **Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☑ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 2023CH08295 _____ **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.\*\***

**My name is** _____ **and I state**
        *First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
   ☐ Male   ☐ Female   ☐ Non-Binary   Approx. Age: _____ Race: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address, Unit#: _____
   City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address, Unit#: _____
   City, State, ZIP: _____
   And left it with: _____
                    *First, Middle, Last*
   ☐ Male   ☐ Female   ☐ Non-Binary   Approx. Age: _____ Race: _____
   and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on this date: _____ .

☐ On the Corporation's agent, _____
                              *First, Middle, Last*
   ☐ Male   ☐ Female   ☐ Non-Binary   Approx. Age: _____ Race: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

FILED DATE: 10/26/2023 11:02 AM  2023CH08295

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, [735 ILCS 5/1-109](#), making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:** _____

*Signature by:*  ☐ Sheriff
          ☐ Sheriff outside Illinois:

_____
*County and State*
☐ Special process server
☐ Licensed private detective

**FEES**

Service and Return: $ _____
Miles _____ $ _____
Total $ _____

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER APPOINTING SPECIAL PROCESS SERVER | For Court Use Only |
|---|---|---|
| Cook ▾ COUNTY | | |

| **Instructions** ▾ | | |
|---|---|---|
| Directly above, enter the name of the county where you are filing the case. | Carleen Coulter _____ **Plaintiff/Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/Respondents | **Defendants/Respondents** *(First, middle, last name)*: Hudson Group (HG) Retail, LLC d/b/a Hudson Nonstop and Dufry America, LLC _____ | 2023CH08295 _____ **Case Number** |
| Enter the case number the Circuit Clerk has given you. | _____ | |

1. Plaintiff/Petitioner's *Motion to Appoint Special Process Server* was filed on: 09/21/2023 .

<div style="margin-left:2em;">In 1, enter the date the *Motion* was filed.</div>

<div style="text-align:right;">Date</div>

2. Plaintiff/Petitioner asks the court to appoint the following person or company to serve the *Summons* and Complaint/Petition:

It's Your Serve,Inc. _____
*Name of Person or Company*

| 134 N. LaSalle St., Suite 1410 | Chicago | IL | 60622 |
|---|---|---|---|
| *Street Address, Unit #* | *City* | *State* | *ZIP* |

In 2, enter the name and address of the person or company who will serve the Complaint/Petition.

3. The above-named special process server:
   *(Check only one box)*

   ☑ a.  is a licensed private detective or private detective agency,
   
   license 117.000885 .
   
   *Number*

   **OR**

   ☐ b.  is over age 18 and is neither a party to this case nor a licensed private detective private detective agency.

In 3, check only one box. If you check 3a, enter the license number.

4. ☒ The *Motion* is granted.   The above-named special process server is appointed to serve *all* ~~these~~ Defendants/Respondents: _____

In 4, enter the names of the Defendants/Respondents to be served.

☐ The *Motion* is denied. It is denied because *(state specific reason)*: _____

ENTERED: _____

*Judge*

Judge Pamela McLean Meyerson

OCT 0 2 2023

*Date*

Circuit Court - 2097

DO NOT complete this section. The judge will sign and date here.

FILED
9/20/2023 4:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH08295
Calendar, 11
24461513

## In the Circuit Court of Cook County, Illinois
## County Department, Chancery Division

CARLEEN COULTER, individually and
on behalf of all others similarly situated,

              Plaintiffs,

*v.*

HUDSON GROUP (HG) RETAIL, LLC,
D/B/A HUDSON NONSTOP and
DUFRY AMERICA, LLC

              Defendants.

Case No.   2023CH08295

CLASS ACTION

JURY TRIAL DEMANDED

## Class Action Complaint

1

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

Plaintiff Carleen Coulter brings this action against Hudson Group (HG) Retail, LLC, d/b/a Hudson Nonstop, and Dufry America, LLC ("Hudson"), individually and on behalf of all others similarly situated, and alleges the following based on personal knowledge, the investigation of counsel, and information and belief.

## I.      INTRODUCTION

1.      On June 21, 2021, Plaintiff Carleen Coulter entered a Hudson Nonstop store located at Chicago Midway International Airport, located at 5700 South Cicero Avenue, Chicago, Illinois, 60638, and made a purchase.

2.      During the Plaintiffs' visit, Hudson Nonstop employed Amazon's Just Walk Out ("JWO") technology to collect, use, store, and disseminate her biometric information and identifiers ("biometric data"), to identify her, to charge her for items bought without using a traditional store clerk, cash register, or "self-checkout" machine.

3.      JWO technology, which Amazon sells to other retailers for use in their stores, leverages a complex network of sensors, cameras, machine learning, and artificial intelligence to automatically detect when products are taken from store shelves and keep track of these items in a virtual cart. At the heart of this system is the collection, use, storage, and dissemination of images of shoppers' bodies–including their faces and hands– and their voice prints–which it scans and processes via computer algorithm to identify shoppers and the products they select, then processes payment upon their exit.

4.      In a rapidly evolving world of technology, the drive for efficiency and convenience comes at the steep price of personal privacy. JWO technology is the exemplar of this conundrum. JWO promises shoppers a frictionless shopping experience while

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

promising retailers like Hudson an increase in profits by substantially decreasing labor costs for their in-store personnel.

5.      Use of JWO technology presents unparalleled privacy concerns for shoppers: massive amounts of shopper biometric data are being collected and used by the retailer to train complex surveillance technology that is currently being employed in direct violation of the Illinois Biometric Information Privacy Act ("BIPA") (740 ILCS 14/1, *et seq*.).

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

### A. JWO Technology in Pictures

6.      The images below were taken inside a store that employs JWO technology. It is representative of technology also employed at Hudson outlets. **Graphics A** and **B** show shoppers entering through a store's gates by scanning a code on an App or their credit card, **C** shows a customer shopping, **D** shows the store's ceiling which contains proprietary recognition cameras (black boxes) that collect, use, store, and disseminate biometric data to Amazon and third-party servers and follow shopper movements through the store, track the items a shopper picks up, add them to a digital ledger, and electronically invoice the shopper for the items upon walking out, in **E and F**.

**Graphic A**



FILED DATE: 9/20/2023 4:55 PM   2023CH08295

**Graphic B**



**Graphic C**



FILED DATE: 9/20/2023 4:55 PM    2023CH08295



**Graphic D**



**Graphic E**

FILED DATE: 9/20/2023 4:55 PM    2023CH08295



**Graphic F**

## B. Hudson Violates BIPA

7.      Consistent with the pictures shown above,[1] the Plaintiff was not provided with written disclosures about the collection, use, storage, or dissemination of her biometric data, nor did she provide Hudson informed written consent, before entering Hudson Nonstop. In capturing, storing, and disseminating the biometric data of Plaintiff and others without proper disclosures and without obtaining their written consent, Hudson violated and continues to violate BIPA.

---

[1] *See Inside Amazon Go a store of the future*, New York Times, available at: https://www.nytimes.com/2018/01/21/technology/inside-amazon-go-a-store-of-the-future.html (last accessed at August 6, 2023); *Amazon Go is finally a go*, Geek Wire, available at: https://www.geekwire.com/2018/check-no-checkout-amazon-go-automated-retail-store-will-finally-open-public-monday/ (last accessed August 6, 2023); *Amazon Go to Open Third Cashierless Shop on Market Street*, Eater, available at: https://sf.eater.com/2019/3/4/18250121/amazon-go-third-location-market-street-san-francisco (last accessed August 6, 2023).

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

8.      In 2008, the State of Illinois enacted BIPA to serve "[t]he public welfare, security, and safety. . . by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric data"[2]—namely, identifiers such as "a retina or iris scan, fingerprint, *voiceprint*, or *scan of hand* or *face geometry*," and biometric information derived from those identifiers.[3] In so doing, the Illinois legislature recognized that "[t]he full ramifications of biometric technology are not fully known,"[4] and that "[b]iometrics.. . are biologically unique to the individual; therefore, once compromised, the individual has no recourse."[5]

9.      BIPA addresses the dangers posed by the mishandling of biometric data by providing a right of action to any person who is subjected to a violation of the Act within the State of Illinois.[6]

10.      As relevant here, a private entity in the possession of biometric identifiers or information violates BIPA when it:

    i.      collects and captures biometric information before first "inform[ing] the subject.. . in writing that a biometric identifier or biometric information is being collected or stored[,]" "inform[ing] the subject.. . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used," and then "receiv[ing] a written release executed by the subject of the biometric identifier or biometric information";[7]

---

[2] 740 ILCS 14/5(g).

[3] 740 ILCS 14/10 (defining "biometric identifier" and "biometric information") (emphasis added).

[4] 740 ILCS 14/5(f).

[5] 740 ILCS 14/5(c).

[6] 740 ILCS 14/20.

[7] 740 ILCS 14/15(b)(1)-(3).

8

FILED DATE: 9/20/2023 4:55 PM    2023CH08295

ii.    fails to obtain a person's consent before "disclos[ing], redisclos[ing], or otherwise disseminat[ing] a person's.. . biometric identifier or biometric information" to a third party;[8] and,

iii.    fails to establish a publicly available policy "establishing a retention schedule and guidelines for permanently destroying biometric data,"[9] and profits in any way from the use of her biometric data.[10]

11.    As a private entity in the possession of biometric information and identifiers obtained by capturing, using, storing, and sharing them through its JWO hardware and software, Hudson violates and continues to violate § 15(a) of BIPA by failing to establish a publicly available policy establishing a retention schedule and guidelines for permanently destroying biometric data obtained from customers entering establishments that use JWO in Illinois.[11]

12.    Hudson violates and continues to violate § 15(b) of BIPA by collecting this biometric data without first providing written notice and obtaining written informed consent from persons entering stores using JWO technology, including Plaintiff and Class Members.[12]

13.    Hudson violates and continues to violate § 15(c) of BIPA by wrongfully profiting from the biometric data it collects from shoppers—including the scans of Plaintiff's and Class Members' facial geometry, hand geometry, and voice print—by using the biometric data it obtains to effectuate purchases, which the company profits from in their stores.

---

[8] 740 ILCS 14/15(d).

[9] 740 ILCS 14/15(a).

[10] 740 ILCS 14/15(c).

[11] 740 ILCS 14/15(a).

[12] 740 ILCS 14/15(b) (requiring provision of written disclosure and obtaining written informed consent).

FILED DATE: 9/20/2023 4:55 PM    2023CH08295

14.     Hudson violates and continues to violate § 15(d) by failing to obtain consent from people before disclosing, redisclosing, and disseminating their biometric identifiers or biometric information to a third party, in transferring biometric data between individual Hudson stores, AWS servers, Amazon, and third parties, without shoppers' consent.

15.     In sum, Hudson obtained the Plaintiff's and Class Members' facial geometry, hand geometry, and voice print through JWO hardware and then stored, used, and disseminated those data scans through its software. In doing so, Hudson profited from the Plaintiff's and Class Members' biometric data and harmed the substantive privacy interests that BIPA was intended to protect.

## II.     PARTIES

16.     Plaintiff Carleen Coulter is a natural person residing in the State of Illinois who entered Hudson Nonstop – Midway in Cook County, Illinois during the Class Period.

17.     Hudson Group (HG), LLC, d/b/a Hudson Nonstop, is wholly owned by Dufry America, LLC, a Delaware Corporation.

## III.     JURISDICTION AND VENUE

18.     This is a Class action complaint for violations of BIPA (740 ILCS 14/1, *et seq*.), seeking statutory and actual damages.

19.     No federal question is presented by this complaint. Plaintiff brings this complaint solely under state law and not under federal law, and specifically not under the United States Constitution, nor any of its amendments, nor under 42 U.S.C. § 1981 or 1982, nor any other federal statute, law, rule, or regulation. The Plaintiff believes and alleges that a cause of action exists under state law for the conduct complained of herein.

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

20.     This Court has personal jurisdiction over the Plaintiff and the Class because they submit to the Court's jurisdiction and the events at issue in the complaint took place in Illinois. This Court has personal jurisdiction specifically over Hudson because it deliberately targeted the Illinois market by actively using JWO technology in its stores. Too, Hudson entered into contracts with Amazon for the use of JWO hardware and software that captures, uses, stores, and disseminates biometric information and identifiers, from which the company profits.[13] Plaintiff's claims, therefore, arise out of, or relate to, Defendant's extensive business contacts and contractual performance within the State of Illinois.

21.     Venue is proper in this County under 735 ILCS 5/1-108 and 2-101 because a substantial part of the acts or omissions giving rise to the claims occurred in Cook County. Specifically, Hudson's collection of Plaintiff's and many Class Members' biometric information occurred within Cook County.

## IV.   FACTS

### A.  Hudson Collects Biometric Data.

**1. Plaintiff's JWO Experience.**

22.     Plaintiff visited a Hudson Nonstop store equipped with JWO technology. Before the Plaintiff arrived at the store, she did not receive any disclosures about Hudson's collection, use, or disclosure of her biometric information. Upon entry, JWO hardware technology took numerous images of the Plaintiff through a network of cameras (as shown in **Graphic D**), which captured her body geometry–including their facial geometry (overhead cameras) and hand geometry (cameras embedded in shelves), as well as her voice

---

[13] 735 ILCS 5/2-209(a)(1) (transaction of any business), (a)(7) (making or performance of any contract connected with this State), (b)(4) (corporation doing business within this State), (c) (jurisdiction on any other basis).

FILED DATE: 9/20/2023 4:55 PM    2023CH08295

print (microphones placed throughout the store). Hudson's JWO software then processed this biometric data and tied the data to her credit card, tracked the Plaintiff's movements through its network of cameras and sensors, and then ran payment for the items she selected upon exit.

### 2. Plaintiff's Experience is Reflected in JWO Patents.

23.    JWO technology and biometric data collection are shown in its various patent filings.[14]

24.    The technological underpinnings for JWO were first published in its 2015 patent, entitled "Transition Items from A Materials Handling Facility," Pub. No. US 2015/0012396 A1 (attached as **Ex. A**). The abstract for the technology pronounces:

> This disclosure describes a system for automatically transitioning items from a materials handling facility without delaying a user as they exit the materials handling facility. For example, while a user is located in a materials handling facility, the user may pick one or more items. The items are identified and automatically associated with the user at or near the time of the item pick. When the user enters and/or passes through a transition area, the picked items are automatically transitioned to the user without affirmative input from or delay to the user.[15]

The patent broadly defines "materials handling facility" to include various environments like libraries, and warehouses, as well as retail and grocery stores like Hudson Nonstop.[16]

---

[14] While Plaintiff has identified patents that appear to relate to JWO technology, Amazon does not specifically confirm which patents underlie the technology employed at Hudson Nonstop. In addition to **Ex. A** (2015–Pub. No. US 2015/0012396 A1) (JWO generally), Plaintiff has identified other potentially relevant patents as **Ex. B** (2018–Pub No. US 10,001,402 B1) (Shelf sensors), **Ex. C** (2021- Pub. No. US 2021/0097547 A1) (Amazon One Palm Scanning for Entry–*Not the subject of this lawsuit*), **Ex. D** (2022–Pub. No. US 11,393,301 B1) (Adapting JWO to "hybrid" retail environments), **Ex. E** (2023–Pub. No. US 2023/0098243 A1) (Adapting JWO technology to existing stores), however, they are not further discussed, as **Ex. A** encompasses the fundamental processes in each proceeding patent.

[15] Ex. A at 1.

[16] *See e.g.*, Ex. A at 17 ("For example, if the user is a customer at a retail location (materials handling facility) . . . .").

FILED DATE: 9/20/2023 4:55 PM    2023CH08295

25.     This procedure is succinctly demonstrated in one of the patent's process

trees:[17]



On a macro-level, JWO technology tracks shoppers' identities by first imaging them when

entering the store (referred to in 802 as "transition area"), employs algorithms to scan the

images, which include face geometry, to detect them (802–"detect user in transition area")

and then ties that data to their account and/or digital cart in the event they are not an

---

[17] *See,* Ex. A at **Fig. 8**.

FILED DATE: 9/20/2023 4:55 PM    2023CH08295

account holder (804–"identify user") to track items they select from shelves (806–"transition[ing] items") and process a payment (814–"provide confirmation to user").

26.     Amazon describes the process at the micro-level in patent **Fig. 2**:[18]



**Cameras, Collection of Facial Geometry, Shopper, and Item Identification**

27.     "**Fig. 2** shows additional components of a materials handling facility 200,[19] according to some implementations. Generally, the materials handling facility 200 may

---

[18] Ex. A at **Fig. 2**.
[19] The use of numbers, here, and below, such as "200," references individual numbered parts in **Fig. 2**.

14

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

include one or more image capture devices, such as cameras 208. For example, one or more cameras 208 may be positioned in locations of the materials handling facility 200 so that images of locations within the materials handling facility can be captured. In some implementations, the image capture devices 208 may be positioned overhead, such as on the ceiling, to capture images of users and/or locations within the materials handling facility. In addition, in some implementations, one or more cameras 208 may be positioned on or inside of inventory locations. For example, a series of cameras 208 may be positioned on external portions of the inventory locations and positioned to capture images of users and/or the location surrounding the inventory location."[20] "[C]ameras may also be positioned at or near transition areas to capture images of users as they enter or pass through the transition area." [21]

28.     "Any type of camera and/or configuration of cameras may be used with the implementations described herein. For example, one or more of the cameras may be [red, green, blue] [(]RGB[)] cameras. In other implementations, one or more of the cameras may be depth sensing cameras. In addition to cameras, other input devices, such as pressure sensors, infrared sensors, a scale, load cells, a volume displacement sensor, a light curtain, etc., may be utilized with the implementations described herein. For example, a pressure sensor and/or a scale may be used to detect when an item is added and/or picked from inventory locations. Likewise, an infrared sensor may be used to distinguish between a user's hand and inventory items."[22]

---

[20] Ex. A at 13.

[21] Ex. A at 14.

[22] Ex. A at 14.

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

29.     "Various techniques may be used to identify a user. For example, *image capture and facial recognition may be used*... In some implementations, the user has a portable device that may be detected when the user enters the materials handling facility. Alternatively, an application executing on a portable device may be utilized by the user to identify themselves. The portable device and/or application may include a unique identifier that is provided to the inventory management system [i.e. code from an App] 150 and used to identify the user. When the user is identified, a user profile associated with the user and maintained by the inventory management system is determined. In some implementations, a payment instrument (*e.g.,* credit card, debit card, check card, etc.) is associated with the user profile and may be checked to confirm that the payment instrument is valid and may be used by the user to pay for any items picked by the user."[23]

30.     "In addition to identifying the user, the user's location within the materials handling facility and identification of the inventory location within the user's location may also be determined... *In some implementations, imaging devices located within the materials handling facility may be used to capture images within the materials handling facility that are processed by the computing resource(s) 203 to identify the location of the user.*"[24]

### Microphones, Collection of Voice Prints, Shopper Identification

31.     "Likewise, *microphones may record sounds made by the user and the computing resource (s) may process those sounds to determine a location of the user*. For example, based on knowledge of the locations of the microphones within the materials handling facility, a time offset between audio signals received by each microphone can be computed to determine a

---

[23] Ex. A at 16 (emphasis added).

[24] Ex. A at 16 (emphasis added).

location of the user. To identify the time offsets between signals received by various microphones, in some instances, the computing resource(s) 203 compile each audio signal received by respective audio transducers and then determine the time offsets between the signals by, for instance, using any time difference–of-arrival ("TDOA") technique, or any other suitable technique. After identifying the respective time offsets, the computing resource(s) 203 can determine the direction and/ or source location of the audio. In addition to, or as an alternative to visual and/or audio location determination, the inventory management system 150 may also utilize other techniques, such as triangulation between antennas 216, to determine the location of the user as the user moves through the materials handling facility."[25]

### Cameras, Hand Geometry, Shopper, and Item Identification

32.    ***"[W]hen the user reaches an inventory location and passes their hand into an inventory location within storage area 130, one or more images may be captured of the user's hand prior to it passing into the inventory location***. Again, when the user's hand is removed from the inventory location, one or more images may be captured of the user's hand as it exits the inventory location. Those images may be compared to determine whether a user has picked an item from the inventory location or placed an item in the inventory location. In some simple mentions, a simple image analysis may be performed to determine changes between the images. ***For example, image analysis may be performed on the first image to determine a skin tone color of the user's hand and pixels including that color, or a range of colors similar to the identified skin tone color, may be identified to represent the users hand***."[26]

---

[25] Ex. A at 16 (emphasis added).

[26] Ex. A at 13 (emphasis added).

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

33.     "***Utilizing the skin tone colors, the images of the users hand obtained after the user's hand is removed from the inventory location may be processed to again identify the users hand***. Finally, a comparison of the segments of the images representing the users hand and an area surrounding the users hand may be compared to determine a change between the images to identify whether an item has been picked or placed into the inventory location."[27]

34.     "In another example, item recognition may be performed on both images to identify different items. For example, the image(s) captured prior to the users hand entering the inventory location may only include an item that is in the shape of a hand. In comparison, the image(s) captured after the user's hand is removed from the inventory location may include an object in the shape of the user's hand plus an additional item. It will be appreciated that any image analysis and/or comparison technique may be used to determine if a user has placed and/or picked an item from an inventory location."[28]

### Checking Out

35.     "[R]ather than the user having to stop and "check out" with a cashier, teller, or automated check station because the picked items are already known and identified on an item identifier list associated with the user, the user may simply exit the retail location with the items. The exit of the user will be detected and, as the user passes through the exit (transition area), the user, without having to stop or otherwise be delayed, will automatically be charged a fee for the items (the items are transitioned to the user)."[29]

---

[27] Ex. A at 13 (emphasis added).

[28] Ex. A at 13.

[29] Ex. A at 12.

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

### Hudson's Use of JWO Hardware & Technology Is Pervasive in Illinois

36.     Employing JWO technology as described above, Hudson collects the biometric data of thousands of other Illinois citizens and residents of other states visiting its two high-traffic airport stores in Illinois.

37.     Hudson employs JWO technology at their Chicago O'Hare International Airport "Nonstop" store.[30] At times during the Class Period, a since-closed Hudson Nonstop in Chicago Midway International Airport also employed JWO technology.[31]

**B. Hudson Fails to Give Illinois Citizens Written Disclosures and Obtain Written Informed Consent Before Collecting Their Biometric Information and Identifiers.**

38.     The core function of JWO technology is the collection and use of shoppers' biometric data to create a "seamless" shopping experience.[32] However, when shoppers enter Hudson Nonstop JWO stores, there are no posted written notices inside or outside the store about the collection of biometric data. Similarly, when prompted to scan a code generated from an App on their mobile phone before entering the store (or scan a credit card) Hudson provided Plaintiff with no written disclosures about the collection of her biometric data, nor prompted Plaintiff for her consent to its collection, usage, storage, and dissemination.

---

[30] *Hudson Nonstop*, Fly Chicago, available at: https://www.flychicago.com/ohare/eatshopmore/eat/pages/default.aspx?filteramenityid=1356&filterlocation=B6 (last accessed August 6, 2023).

[31] *Hudson Nonstop Arrives In Chicago Using Amazon's Just Walk Out Technology*, Business Wire, available at: https://www.businesswire.com/news/home/20210608005195/en/Hudson-Nonstop-Arrives-In-Chicago-Using-Amazon%E2%80%99s-Just-Walk-Out-Technology (last accessed August 6, 2023).

[32] *Just Walk Out*, Just Walk Out, available at: www.justwalkout.com (last accessed August 6, 2023).

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

39.     Plaintiff's experience is representative of Hudson customers' experience generally, regardless of which JWO-equipped store they entered, be it the Hudson Nonstop in Chicago O'Hare International Airport or Chicago Midway International Airport.

40.     As chronicled in various media outlets, the JWO shopping experience can be completed in as little as "8 seconds."[33] JWO shopping be completed in mere seconds *only* because Hudson does not provide shoppers with written disclosures about the collection, use, storage, and dissemination of their biometric data, nor allow them adequate time to review them before obtaining informed written consent.

**C. Hudson Discloses and Rediscloses Biometric Data to Third Parties Without Their Written Informed Consent.**

41.     In its operation of JWO technology, Hudson regularly discloses and redisclose the biometric data of shoppers from cameras, computers, and servers in the JWO store itself, i.e., inside a Hudson Nonstop, through the internet, and to computers and servers external to the store, like servers at AWS and Amazon, or other third-party cloud platforms, whose employees may also have access to the data.

42.     Amazon explains this JWO process, using **Fig. 2**, as a reference in its patent. "As illustrated [in **Fig. 2**], ***the computing resource(s) 203 may be remote from the environment*** and implemented as one or more servers 203(1), 203(2), . . ., 203(P) and may, in some instances, form a portion of a network-accessible computing platform implemented as a computing infrastructure of processors, storage, software, data access, and so forth that is

---

[33] *"I got a beer in 8 seconds": Testing Amazon's cashierless tech at an NHL game inside Climate Pledge Arena*, GeekWire, available at: https://www.geekwire.com/2021/got-beer-8-seconds-testing-amazons-cashierless-tech-nhl-game-inside-climate-pledge-arena/ (last accessed August 6, 2023).

maintained and accessible by components/devices of the inventory management system 150 via a network 302, such as the internet. For example, the computing resources 203 may process images to determine whether an item has been picked from an inventory location or placed into an inventory location. ***The computing resource(s) 203 do not require end-user knowledge of the physical location and configuration of the system that delivers the services. Common expressions associated for these remote computing resource(s) 203 include 'on-demand computing,' 'software as a service (SaaS),' 'platform computing,' 'network-accessible platform,' 'cloud services,' 'data centers,' and so forth.*** Each of the servers 203(1)-(P) include a processor 317 and memory 319, which may store or otherwise have access to an inventory management system 150, which may include or provide image processing (*e.g.,* for user identification and/or item identification), inventory tracking, and/or location determination."[34]

### D. Hudson Fails to Provide a Publicly Available, BIPA-compliant Retention Policy.

43.     Hudson is wholly owned by Dufry, operating as a Delaware corporation. It is therefore a private entity under BIPA, thus, if it collects biometric information in the course of its business, Hudson is required to establish a publicly available retention and deletion schedule.[35] However, despite collecting biometric data, Hudson does not provide a JWO-specific retention and deletion policy on the Hudson website, its mobile applications, or anywhere within its stores where JWO technology is in use.[36]

---

[34] Ex. A at 15 (emphasis added).

[35] 740 ILCS 14/15(a).

[36] *See generally*, Hudson, available at: https://www.hudsongroup.com/ (last accessed August 10, 2023).

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

**E.  Hudson Profits From its Use of Citizens' Biometric Information.**

44.     Hudson Nonstop advertises to potential customers that its JWO technology offers a futuristic and efficient shopping experience.[37] But JWO technology is much more: it is a sophisticated system that captures a customer's most personal biometric data, associates that data with purchasing behavior, and integrates that information into its vast retail and marketing network. JWO technology enables Hudson with an advanced solution for in-store management with minimal human labor costs. Inherently, by using JWO in its stores, Hudson is profiting from the collection, use, storage, and dissemination of every JWO shopper's biometric data.

## V.     CLASS ACTION ALLEGATIONS

45.     Plaintiff Carleen Coulter brings this action on behalf of herself and under 735 ILCS 5/2-801 as a representative of a Class defined as follows:

> All persons who entered Hudson Nonstop Stores in Chicago O'Hare International Airport and Chicago Midway International Airport that were equipped with Just Walk Out technology during the relevant Class Period.

46.     For purposes of this action, the Class Period is defined as September 20, 2018, through the present, to the date of trial.

47.     Excluded from the Class are Hudson, Dufry, and any entity in which Defendants Hudson's, and Dufry's legal representatives, officers, directors, assignees, and successors.

---

[37] *Hudson Nonstop*, Fly Chicago, available at: https://www.flychicago.com/ohare/eatshopmore/eat/Pages/default.aspx?filteramenityid=1356&filterlocation=B6 ("Hudson Nonstop represents a new way of retailing that emulates an end-to-end digital shopping experience which we believe is the future of retail.") (last accessed August 29, 2023).

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

48.     Members of the Class are so numerous that joinder of all Class Members is impractical. Hudson currently operates one, and at times relevant to the Class Period, two JWO retailers operated in the City of Chicago, Illinois, in high-traffic airport locations.

49.     Plaintiff's claims are typical of the members of Class Members who were aggrieved by the same wrongful conduct of Hudson: their substantive privacy interests were harmed (i) by Hudson obtaining their biometric identifiers or information without first providing adequate written notice and their informed written consent,[38] (ii) by Hudson disclosing, redisclosing, or otherwise disseminating their biometric identifiers or information to third parties without obtaining proper consent,[39] (iii) by Hudson failing to establish an adequate publicly available policy regarding the retention of Plaintiff's and Class Members' biometric data,[40] and (iv) by Hudson profiting from their biometric identifiers or information.[41]

50.     The Plaintiff will fairly and adequately protect and represent the interests of the Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the other members of the Class.

51.     The Plaintiff is represented by counsel with experience in the prosecution of complex Class actions and with particular experience with Class actions raising claims under BIPA.

52.     Questions of law and fact common to the members of the Class predominate over questions that may affect only individual Class Members because Hudson has acted on

---

[38] 740 ILCS 14/15(b)(1)–(3).

[39] 740 ILCS 14/15(d).

[40] 740 ILCS 14/15(a).

[41] 740 ILCS 14/15(c).

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

grounds generally applicable to the entire Class, thereby making damages concerning the Class as a whole appropriate. Such generally applicable conduct is inherent in Hudson's wrongful actions.

53.    Questions of law and fact common to the Class include:

(a) Whether Hudson established a publicly available policy for retention of biometric data sufficient to satisfy the requirements of § 15(a) of BIPA;

(b) Whether Hudson provided written notice and obtained the written consent of persons whose biometric data were collected by its JWO hardware, and, if so, whether such notice and consent are sufficient to satisfy the requirements of § 15(b) of BIPA;

(c) Whether Hudson profited from the use of the biometric data it collected via JWO hardware to improve the JWO software itself uses, profits from, and also sells for profit to other businesses, contrary to § 15(c);

(d) Whether Hudson obtained requisite consent before disclosing, redisclosing, or otherwise disseminating biometric identifiers or biometric information to a third party to satisfy the requirements of § 15(d);

(e) Whether persons who had their biometric data captured by Hudson are entitled to damages, and, if so, in what amount;

(f) Whether Hudson should be enjoined from collecting biometric data illegally through JWO hardware and using them in JWO software.

54.    A Class action is a superior method for the fair and efficient adjudication of the controversy. A Class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual Class actions would engender. The benefits of proceeding through the Class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably be pursued individually, substantially outweigh the potential difficulties in the management of this Class action.

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

55.     Plaintiff knows of no special difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a Class action.

## VI.     CLAIMS FOR RELIEF

### A.  Claim 1: Violation of Section 15(a) of Illinois's BIPA (740 ILCS 14/15(a)) by Failing to Establish a Publicly Available Policy Governing the Retention of Biometric Data.

56.     Plaintiff repeats and incorporates by reference all preceding paragraphs and allegations.

57.     Section 15(a) of BIPA provides that "[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information . . . ."[42] The biometric data must be permanently destroyed "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."[43]

58.     Hudson operates as a wholly owned subsidiary of a Delaware corporation and is therefore a private entity under BIPA.[44]

59.     The facial geometry, hand geometry, and voice print of Plaintiff and Class Members are biometric identifiers under the Act, and the information that Hudson derived from these identifiers is biometric information covered by the Act.[45]

---

[42] 740 ILCS 14/15(a).

[43] 740 ILCS 14/15(a).

[44] 740 ILCS 14/10.

[45] *Id.*

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

60.     As explained in Paragraph 43 above, Hudson did not properly develop a

publicly available written policy governing the retention of biometric data.

61.     By improperly retaining the biometric information of Plaintiff and Class

Members, Hudson violated the very privacy interests that BIPA was intended to protect.

62.     On behalf of herself and the Class, Plaintiff seeks:

(a) injunctive and equitable relief as is necessary to protect the
interests of Plaintiff and the Class by requiring Hudson to develop
and make publicly available a retention policy that complies with
BIPA's § 15(a);[46]

(b) the greater of liquidated damages of $5,000 or actual damages for
each of Hudson's intentional or reckless violations of § 15(a);[47]

(c) the greater of liquidated damages of $1,000 or actual damages for
each of Hudson's negligent violations of § 15(a);[48] and,

(d) reasonable attorneys' fees and costs and other litigation
expenses.[49]

**B. Claim 2: Violation of Section 15(b) of Illinois's Biometric Information Privacy
Act (740 ILCS 14/15(b)) by Obtaining Biometric Identifiers or
Biometric Information Without Written Informed Consent.**

63.     Plaintiff repeats and incorporate by reference all preceding paragraphs and

allegations.

64.     Section 15(b) of BIPA makes it unlawful for any private entity to:

collect, capture, purchase, receive through trade, or otherwise obtain
a person's. . . biometric identifier or biometric information, unless it
first: (1) informs the subject. . . in writing that a biometric identifier or
biometric information is being collected or stored; (2) informs the
subject. .. in writing of the specific purpose and length of term for
which a biometric identifier or biometric information is being

---

[46] 740 ILCS 14/20(4).

[47] 740 ILCS 14/20(2).

[48] 740 ILCS 14/20(1).

[49] 740 ILCS 14/20(3).

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . .[50]

65.     The written release required by § 15(b)(3) means "informed written consent."[51]

66.     As detailed in Paragraphs 22–40 above, Hudson systematically collected, stored, and used Plaintiff's and Class Members' biometric data without providing the notice required by § 15(b)—including notice that their biometric data was being used for the specific purpose of identifying them, tracking them, and tying their data to their purchases for payment and that it would be disseminated to third parties.

67.     Likewise, Hudson never obtained from Plaintiff nor Class Members the informed written consent required by BIPA.

68.     By improperly collecting, storing, and using Plaintiff's and Class Members' biometric data, Hudson violated their rights to privacy in their biometric data.

69.     On behalf of herself and the Class, Plaintiff seeks:

(a) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Hudson to comply with § 15(b)'s requirement for collecting, storing, and using biometric data;[52]

(b) the greater of liquidated damages of $5,000 or actual damages for each of Hudson's intentional or reckless violations of § 15(b);[53]

(c) the greater of liquidated damages of $1,000 or actual damages for each of Hudson's negligent violations of § 15(b);[54] and.

---

[50] 740 ILCS 14/15(b).

[51] 740 ILCS 14/10.

[52] 740 ILCS 14/20(4).

[53] 740 ILCS 14/20(2).

[54] 740 ILCS 14/20(1).

FILED DATE: 9/20/2023 4:55 PM    2023CH08295

(d) reasonable attorneys' fees and costs and other litigation expenses.[55]

## C. Claim 3: Violation of Section 15(c) of Illinois's Biometric Information Privacy Act (740 ILCS 14/15(c)) by Profiting from Biometric Identifiers or Biometric Information Obtained Through JWO.

70.   Plaintiff repeats and incorporates by reference all preceding paragraphs and allegations.

71.   Section 15(c) of BIPA makes it unlawful for any "private entity in possession of a biometric identifier or biometric information" to "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information."[56]

72.   As detailed in Paragraph 44 above, Hudson had possession of the Plaintiff's and Class Members' biometric data and, without informing them, profited from their biometric data by using that biometric data to effectuate purchases and reduce labor costs.

73.   By profiting from its undisclosed use of Plaintiff's and Class Members' biometric data, Hudson violated the substantive privacy interests that BIPA protects.

74.   On behalf of herself and the Class, Plaintiff seeks:

(a) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Hudson to cease profiting from the use of their biometric data;[57]

(b) the greater of liquidated damages of $5,000 or actual damages for each of Hudson's intentional or reckless violations of § 15(c);[58]

(c) the greater of liquidated damages of $1,000 or actual damages for each of Hudson's negligent violations of § 15(c);[59] and.

---

[55] 740 ILCS 14/20(3).

[56] 740 ILCS 14/15(c).

[57] 740 ILCS 14/20(4).

[58] 740 ILCS 14/20(2).

[59] 740 ILCS 14/20(1).

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

(d) reasonable attorneys' fees and costs and other litigation expenses.[60]

### D. Claim 4: Violation of Section 15(d) of Illinois's Biometric Information Privacy Act (740 ILCS 14/15(d)) by Disclosing Biometric Identifiers or Biometric Information Obtained Through JWO Without Written Informed Consent.

75.     Plaintiff repeats and incorporates by reference all preceding paragraphs and allegations.

76.     Section 15(d) of BIPA makes it unlawful to:

Disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject. . . consents to the disclosure or redisclosure. . . (4) the disclosure is issued under a valid warrant or subpoena issued by a Court of competent jurisdiction.

77.     As explained in detail in Paragraphs 41-42, Hudson regularly discloses and rediscloses JWO store shoppers' biometric data, from the individual Hudson stores' cameras, sensors, and servers to outside AWS servers, Amazon servers, third-party web services, and their employees.

78.     By sharing the Plaintiff's biometric data, Hudson violated the substantive privacy interests that BIPA protects.

79.     On behalf of herself and the Class, Plaintiff seeks:

(a) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Hudson to cease disclosing and redisclose their biometric data without consent;[61]

(b) the greater of liquidated damages of $5,000 or actual damages for each of Hudson's intentional or reckless violations of § 15(d);[62]

---

[60] 740 ILCS 14/20(3).

[61] 740 ILCS 14/20(4).

[62] 740 ILCS 14/20(2).

FILED DATE: 9/20/2023 4:55 PM    2023CH08295

(c) the greater of liquidated damages of $1,000 or actual damages for each of Hudson's negligent violations of § 15(d);[63] and,

(d) reasonable attorneys' fees and costs and other litigation expenses.[64]

## VIII. PRAYER FOR RELIEF

80.      Wherefore, on behalf of herself and the Class, Plaintiff respectfully requests

that this Court enter an Order:

(a) Certifying this case as a Class action under 735 ILCS 5/2-801 on behalf of the Class defined above, appointing Plaintiff Carleen Coulter as representative of the Class, and appointing her counsel as Class Counsel;

(b) Declaring that Hudson's actions, as set out above, violate § 15(a), (b), (c), and (d) of BIPA;

(c) Awarding the greater of actual damages or statutory damages of $5,000 per intentional or reckless violation of BIPA, and the greater of actual or statutory damages of $1,000 per negligent violation of BIPA;

(d) Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, among other things, an Order requiring Hudson to collect, store, and use biometric identifiers in compliance with BIPA;

(e) Awarding Plaintiff and the Class their reasonable litigation expenses and attorney's fees;

(f) Awarding Plaintiff and the Class pre-and post-judgment interest, to the extent allowable; and

(g) Awarding such other and further relief as equity and justice may require.

---

[63] 740 ILCS 14/20(1).

[64] 740 ILCS 14/20(3).

FILED DATE: 9/20/2023 4:55 PM    2023CH08295

## IV.    JURY DEMAND

81.    Plaintiff and Class Members demand a trial by jury on all issues so triable.

Dated: September 20, 2023

_/s/ Justin N. Boley_

Justin N. Boley
Eaghan S. Davis
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Drive, Suite 5450
Chicago, Illinois, 60606
Tel: (312) 346-2222
Fax: (312) 346-0022
jnb@wbe-llp.com
esd@wbe-llp.com
Firm ID No. 99616

Ryan F. Stephan
James B. Zouras
Catherine Mitchell
**Stephan Zouras, LLP**
222 W. Adamas Street, Suite 2020
Chicago, Illinois, 60606
Tel: (312) 233-1550
Fax: (312) 233-1560
rstephan@stephanzouras.com
jzouras@stephaszouras.com
cmitchell@stephanzouras.com

_Attorneys for Plaintiff and the Proposed Class_

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

## **VERIFICATION**

Under penalties as provided by law under 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements outlined in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he believes the same to be true.

*/s/ Justin N. Boley*
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Drive, Suite 5450
Chicago, Illinois, 60606

FILED DATE: 9/20/2023 4:55 PM   2023CH08295

## CERTIFICATE OF SERVICE

I, Justin N. Boley, hereby certify that on September 20, 2023, I electronically filed the Plaintiffs' Class Action Complaint with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Justin N. Boley*
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Drive, Suite 5450
Chicago, Illinois, 60606

33

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED
10/31/2023 10:43 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH08295
Calendar, 11
25011121

FILED DATE: 10/31/2023 10:43 AM   2023CH08295

363430
Law Firm Ref#: 2524-002

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CARLEEN COULTER, individually and on behalf of all others similarly
situated,

    Plaintiff(s)

    vs.

HUDSON GROUP (HG) RETAIL, LLC, D/B/A HUDSON NONSTOP and
DUFRY AMERICA, LLC,

    Defendant(s)

Case No.: 2023CH08295

**AFFIDAVIT OF SPECIAL PROCESS SERVER**

I, __GILBERT DEL VALLE_____, being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party of this action. I am an agent of It's Your Serve, Inc, Illinois Department of Financial and Professional Regulation number 117.000885. I attempted service of the within **Alias Summons; Order Appointing Special Process Server; Class Action Complaint; Exhibit A - E to Hudson Group (HG) Retail, LLC c/o Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808** resulting in the following:

☐ **PERSONAL SERVICE:** By leaving a copy of the process with Hudson Group (HG) Retail, LLC c/o Corporation Service Company personally on the _____ day of _____, 20____ at _____.M.

☒ **AUTHORIZED SERVICE:** By leaving a copy of the process with:
Name: __ROBIN HUTT BANKS_____, Title: __MANAGING AGENT_____, an individual of the company willing and able to accept on behalf of the entity/respondent/witness on the _27TH_day of __OCT._____, 2023___ at _3:05_P_M.

☐ **SUBSTITUTE SERVICE:** By leaving a copy of the process at the above address which is Hudson Group (HG) Retail, LLC c/o Corporation Service Company's usual place of abode with:
Name: _____, Relationship: _____, a person of his/her family, or other person residing there, over the age of 13 years who was informed of the contents of the listed documents on the _____ day of _____, 20____ at _____.M.
After substitute service, I mailed a copy of the listed documents via regular mail to the subject on the _____ day of _____, 20____.

☐ **NON-SERVICE:** for the following reasons with the **DATE and TIME** of each attempt listed along with a description of the attempt **(attach an additional sheet if needed):**

__/__/___ @_____:_____

__/__/___ @_____:_____

__/__/___ @_____:_____

A description of person with whom the documents were left as follows:

**Sex:** _F___    **Race:** __W___    **Approx. Age:** __45___  **Height:** _5'5___  **Weight:** _140___  **Hair:** _BROWN_

    Noticeable features/Notes: _____

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

Signed and sworn before me on
this _27TH___ day of __OCT._____, 2023___

_____
Notary Public

_____
(Server Signature)

**GILBERT DEL VALLE**
_____
(Print Name)

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires on July 26, 2026

SAAFF/363430