IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLEEN COULTER, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-16176 |
| Plaintiffs, | Judge: Honorable LaShonda A. Hunt |
| vs. | Magistrate: Honorable Gabriel A. Fuentes |
| HUDSON GROUP (HG) RETAIL, LLC, D/B/A HUDSON NONSTOP and DUFRY AMERICA, LLC, | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ..........................................................................................................3

    A. Hudson Is a Local Government Contractor and Exempt Under BIPA ......................................................................................................................3

    B. Plaintiff Does Not Plausibly Allege that JWO Technology Captures Biometric Identifiers ...................................................................................7

        1. Plaintiff Does Not Plausibly Allege that the Patents Identified Are Implemented in JWO Technology ....................................7

        2. Plaintiff Does Not Otherwise Plausibly Allege that JWO Technology Collects "Biometric Identifiers," as Defined by BIPA ...................................................................................................9

    C. Plaintiff Does Not Plausibly Allege that Hudson Profits from Biometric Identifiers under Section 15(c) of BIPA ...........................................10

## TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) \s ........................................................................................... 2, 9
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 2, 10
*Bryant v. Compass Grp. USA, Inc.*,
  503 F. Supp. 3d 597 (N.D. Ill. 2020) ........................................................................ 6
*Enriquez v. Navy Pier, Inc.*,
  2022 IL App (1st) 211414-U, (Sept. 27, 2022) ................................................ passim
*Holland v. Lake Cnty. Mun. Gov't*,
  605 F. App'x 579 (7th Cir. 2015) ............................................................................. 8
*Jacobs v. Hanwha Techwin Am., Inc.*,
  2021 WL 3172967 (N.D. Ill. July 27, 2021) ............................................................ 9
*McCauley v. City of Chicago*,
  671 F.3d 611 (7th Cir. 2011) .................................................................................... 9
*Rivera v. Google, Inc.*,
  238 F. Supp. 3d 1088 (N.D. Ill. 2017) .................................................................... 10
*Stove Builder Int'l, Inc. v. GHP Grp.*,
  280 F.R.D. 402 (N.D. Ill. 2012) ................................................................................ 2
*Vance v. Microsoft Corp.*,
  534 F. Supp. 3d 1301 (W.D. Wash. 2021) ............................................................. 10
*Vance*,
  534 F. Supp. 3d ....................................................................................................... 10

Statutes

740 ILCS 14/15 .................................................................................................................. 2
740 ILCS 14/25(3) ............................................................................................................. 5
740 ILCS 14/25(e) ................................................................................................... 1, 2, 5, 6

I. **INTRODUCTION**

The Illinois General Assembly made the legislative decision to carve out state and local government "contractors" from all requirements of the Illinois Biometric Information Privacy Act ("BIPA"). 740 ILCS 14/25(e). Plaintiff alleges that Defendants Hudson Group (HG) Retail, LLC and Dufry America, LLC (together, "Hudson") violate BIPA by using Amazon's Just Walk Out technology ("JWO Technology") in their "Hudson Nonstop" store at Midway Airport. Not so. But regardless, the City of Chicago, which operates Midway Airport, *lauded* Hudson's use of the JWO Technology in the Midway Airport Hudson Nonstop store and noted that it was part of a *joint* redevelopment effort at Midway Airport between the City of Chicago, Hudson, and others to provide passengers with a "'streamlined, contactless concessions experience.'" (ECF 24-7 at 4 (quoting a Chicago Commissioner).) As detailed in the Motion to Dismiss (ECF 24 ("Mot.")), because Hudson operates the Hudson Nonstop store pursuant to a contract with the City of Chicago, Hudson's use of the JWO Technology at that store is subject to the BIPA government contractor exemption. Therefore, Plaintiff's BIPA claims must be dismissed with prejudice.

Plaintiff's Opposition confirms that dismissal is appropriate. Plaintiff does not dispute that: (1) Hudson has a contract relating to the Hudson Nonstop through which it provides services in Midway Airport; (2) the contract is with a local government unit; and (3) Plaintiff's allegations relate to Hudson's operations at the same Hudson Nonstop. Under these facts, Illinois courts dismiss BIPA claims under the government contractor exemption. *See Enriquez v. Navy Pier, Inc.*, 2022 IL App (1st) 211414-U, ¶¶ 9-28 (Sept. 27, 2022), *appeal denied*, 201 N.E.3d 582 (Ill. 2023).

Plaintiff instead, without any legal support, seeks to *narrow* BIPA's government contractor exemption by arguing that Hudson is just a lessee, not a local government contractor. But Hudson not only contracts with the City of Chicago to operate a store in the airport—the partnership also involves a "$75 million Midway concessions renovation and expansion," (ECF 24-6), which *expressly included* the opening and operation of the Hudson Nonstop at Midway Airport. (ECF 24-7.) And even accepting Plaintiff's mischaracterization of Hudson's relationship with the City of Chicago, courts have *already* rejected the argument that a lessee cannot be a "contractor" for

the purposes of the BIPA government contractor exemption. *See Navy Pier*, 2022 IL App (1st) 211414-U, ¶ 21. The government contractor exemption thus applies here. 740 ILCS 14/25(e).

Plaintiff's Opposition also fails to address the deficiencies Hudson raised in its Motion regarding the implausibility of Plaintiff's speculative allegations that the JWO Technology collects "biometric identifiers" and thus implicates BIPA in the first place. 740 ILCS 14/15. Under Supreme Court precedent, it is the *Plaintiff's*, not Hudson's, responsibility to identify sufficient facts to make plausible that the JWO Technology collects biometric identifiers. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation" (cleaned up)). She has failed to do so.

Instead, the Opposition reveals that Plaintiff has no "good faith basis" for her allegations. (Opp. at 13). *See Stove Builder Int'l, Inc. v. GHP Grp.*, 280 F.R.D. 402, 403 (N.D. Ill. 2012) (plaintiff must "have made a reasonable prefiling inquiry—one that must be conducted in good faith, both subjective and objective"). Plaintiff cherry-picked terms from select Amazon patents and then speculated, without basis, that the JWO Technology *may* practice some of the *permissive* claims in those patents and discovery *might* prove Plaintiff right (or, more accurately, wrong). And Plaintiff does not respond to the fact that her Complaint alleges how the "network of cameras" allegedly collect biometric identifiers in an *Amazon Go* store, not a Hudson Nonstop.

Plaintiff also ignores obvious "alternative explanation[s]" that reveal the implausibility of her claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff suggests that Hudson's ability to track customer movements using a "network of cameras" supports an inference that Hudson is capturing biometric identifiers under BIPA. But this ignores documents cited in *Plaintiff's own Complaint* which explain how the JWO Technology *actually works*, including that "[n]o facial recognition is used." (Compl. ¶ 38 n.32 (citing ECF 24-3).) The Court cannot ignore those public explanations, which are incorporated by reference into the Complaint.

Under *Iqbal*, Plaintiff must allege *specific facts* supporting a reasonable inference that the public disclosures are inaccurate and that JWO Technology does in fact capture biometric identifiers. Plaintiff did no investigation to counter facts her counsel received months ago showing

- 2 -

that the JWO Technology works even when *all biometric identifiers are covered*. (*See* ECF 24-4.) Her silence is critical. It cannot be plausible that the JWO Technology *must* collect biometric identifiers if it functions as intended without them. At bottom, Plaintiff fails to buttress her speculative theories with, as required, specific facts.

Moreover, even if Plaintiff had plausibly pleaded that JWO Technology collects biometric identifiers, she fails to plausibly allege that Hudson sold, leased, traded, or profited from her biometric identifiers in violation of BIPA Section 15(c). In opposition, Plaintiff asserts only that "Hudson profits from store purchases enabled by the JWO Technology," and thus "[i]nherently" profits from the collection of biometric identifiers. (Opp. at 12.) Plaintiff offers *no legal authority* in support of this argument, which has been explicitly rejected by courts. (*See* Mot. at 14-15.)

II. **ARGUMENT**

A. **Hudson Is a Local Government Contractor and Exempt Under BIPA**

Hudson's Motion established that BIPA's government contractor exemption applies because (1) Hudson is a contractor; (2) Hudson's contract is with a unit of government—specifically, the City of Chicago through the Department of Aviation; and (3) Hudson was working pursuant to its contract local government contract in operating the Hudson Nonstop. (Mot. at 5-8.) Plaintiff does not dispute these key facts, but nonetheless asserts that Hudson's contractual relationship with the City of Chicago is insufficient to qualify under the government contractor exemption. (ECF 29 ("Opp.") at 4-9.) Plaintiff's arguments all fail.

*First*, Plaintiff asserts that Hudson is not a "contractor" for the purposes of BIPA because it is a "lessee" or "licensee." (Opp. at 4-7.) These assertions fail on the facts and the law.

As an initial matter, Plaintiff is wrong that Hudson is a mere lessee akin to Big Bowl or Tallboy Taco. (*Id.* at 1.) A press release that *Plaintiff* cites in her Complaint demonstrates that Hudson Nonstop in Midway Airport was opened *as part of* the Chicago Department of Aviation's *redevelopment contract* with Midway Partnership LLC ("Midway Partnership"). (ECF 24-7; Compl. ¶ 38 n.32 (citing ECF 24-7).) Using funding provided by the City of Chicago, Midway Partnership is tasked with "manag[ing] Midway's extensive concessions overhaul," (ECF 24-9)

including "renovat[ing] and expand[ing] concessions in Midway" (ECF 24-6). Hudson is a member of Midway Partnership, and thus a partner of the City of Chicago in these redevelopment efforts.[1] (ECF 24-6.) Hudson's partnership with the City of Chicago—involving development of infrastructure and commercial space—is more than just an airport retailer.

Plaintiff tries to make hay of a decade-old contract between Hudson and the City of Chicago that includes language that Hudson is a licensee. (Opp. at 5-7.) Setting aside the fact that this contract does not detail Hudson's responsibilities in the Midway Partnership, Illinois courts have rejected Plaintiff's argument that a licensee cannot be a contractor for purposes of BIPA.

In *Navy Pier*, the contract at issue was a "Lease Agreement" between private entity NPI and government agency MPEA. *Navy Pier*, 2022 IL App (1st) 211414-U, ¶ 2. There, as here, the Lease Agreement gave NPI "operational responsibility" over government-owned space, including the responsibility of hiring employees and the "development and operation" of that space. *Id.* ¶ 10. The plaintiff argued that since the contract was "styled as a modified net lease" and referred to NPI as a "lessee," NPI cannot be a contractor. *Id.* ¶ 21. The Illinois Appellate Court rejected that argument, noting that it "elevate[s] form over substance." *Id.* ¶ 22. The court first observed that there was "no authority establishing that an entity cannot be both a lessee and a contractor under the Act." *Navy Pier*, 2022 IL App (1st) 211414-U, ¶ 22. It further reasoned that the word "contractor" in BIPA means "'a party to a contract'" or "'one who contracts to do work for . . . another.'" *Id.* ¶ 22 (citing Black's Law Dictionary (11th ed. 2019)). It thus found that NPI was a contractor because it helped "manage, operate, and develop" Navy Pier for the MPEA. *Id.*

Hudson, like NPI in *Navy Pier*, qualifies under both definitions. It has a contract with the City of Chicago relating to the Hudson Nonstop store. (ECF 24-6 (detailing the Midway Partnership).) As part of the Midway Partnership, it provided services relating to "renovat[ing] and expand[ing] concessions" for the City of Chicago. (ECF 24-6; ECF 24-12; *see also* ECF 24-6, 24-

---

[1] Plaintiff does not challenge the noticeability of the facts in this or any other press release cited in Hudson's Motion. (*See* Mot. at 6 n.5-6 (press releases are judicially noticeable).)

7, 24-9.).) Therefore, Hudson is a "contractor" under BIPA, exempting the Hudson Nonstop store in Midway Airport from BIPA. 740 ILCS 14/25(3).[2]

*Second*, Plaintiff argues that even if Hudson is a contractor under BIPA, its use of the JWO Technology in the Hudson Nonstop stores has nothing to do with the City of Chicago. (Opp. at 8-9.) Again, this argument is contrary to the facts and the law.

When Hudson launched the Hudson Nonstop store in Midway Airport, it made an announcement *with the City of Chicago* that specifically announced the use of the JWO Technology. (ECF 24-7 at 3 (announcing that Hudson Nonstop store would "combin[e] the signature Hudson shopping experience *with Amazon's Just Walk Out technology*" (emphasis added).) And the Commissioner of the Chicago Department of Aviation *lauded* the benefits of the JWO Technology and noted it as a joint effort, stating: "*We're* delighted to offer a streamlined, contactless concessions experience at Midway with Hudson Nonstop . . . *thanks to Amazon's Just Walk Out technology*." (*Id.* at 4 (emphasis added).) In other words, the City of Chicago specifically highlighted the JWO Technology as part of the Midway Airport revitalization effort.

Plaintiff's attempt to artificially narrow the application of the exemption to entities that "collect[] . . . biometric data for a government purpose" has no legal support. (Opp. at 9.) Plaintiff cites *Thornley* to argue that the BIPA exemption only applies to government contractors that collect biometric data "at a government agency's request and direction." (*Id.* at 8 (citing *Thornley v. CDW-Government, LLC*, Case No. 2020 CH 04346 (Ill. Cir. Ct. June 25, 2021), ECF 24-11 ("*Thornley*, ECF 24-11")).) *Thornley* held the opposite: it explicitly rejected a "limited reading" that "overlooks the various other ways by which a defendant might prove that it furnished a product or service concerning biometric identifiers at a government agency's request and direction," such

---

[2] Plaintiff advances *no legal authority* for her assertion that exempting a private entity with "*any* sort of contract with a government agency" constitutes a "radical reimagining of BIPA's government contractor carveout." (Opp. at 1.) And BIPA's plain language indicates this kind of carveout is exactly what was intended. 740 ILCS 14/25(e); *Navy Pier*, 2022 IL App (1st) 211414-U, ¶ 20 ("[BIPA] itself does not define 'contractor,' so we must apply its ordinary meaning.").

as operating a retail space. *Thornley*, ECF 24-11 at 4; *id*. at 3 (rejecting "limitation" that was "narrower than what a plain and ordinary reading of the statute otherwise provides").

Instead, the defendant need only show that it collected biometric identifiers "while [] working for the government." *Navy Pier*, 2022 IL App (1st) 211414-U, ¶ 25. There is no dispute that even if JWO Technology collects biometric identifiers (it does not), Hudson uses it in the Hudson Nonstop store operated pursuant to its contract with the City of Chicago. (ECF 24-7.) Therefore, it is "within the scope of its work" for the City and the government contractor exemption applies. *Navy Pier*, 2022 IL App (1st) 211414-U, ¶ 25. Hudson even satisfies Plaintiff's more stringent standard, which apparently requires defendant to show that it was engaged by the government to provide services involving the collection of biometric identifiers. *Thornley*, ECF 24-11 at 4. As discussed above, the City of Chicago *specifically touted*, as a joint effort, the opening of Hudson Nonstop with JWO Technology. (ECF 24-7 at 4.) Hudson's use of the JWO Technology at Midway Airport is thus not subject to BIPA. *See* 740 ILCS 14/25(e).

*Third*, Plaintiff asserts that the policy behind BIPA's government contractor exception does not apply because government contracts "do not implicate the same profit motives that incentivize for-profit corporations, like Hudson, to wrongfully exploit biometric data." (Opp. at 9 (citing *Bryant v. Compass Grp. USA, Inc.*, 503 F. Supp. 3d 597, 601 (N.D. Ill. 2020)).[3] Plaintiff does not justify her assertion that government contracts would normally eliminate a private entity's profit motive. And Plaintiff omits the rest of the sentence from *Bryant*, which makes clear that the "perceived dangers associated with possession of sensitive information are less severe vis-à-vis government agencies *and contractors subject to their supervision*." *Bryant*, 503 F. Supp. 3d at 601 (emphasis added). This policy argument thus applies equally to Hudson because it utilizes JWO Technology in partnership with, and full knowledge of, the City of Chicago. (ECF 24-7 at 3-4.)

---

[3] Plaintiff's assertion that *Bryant* held that this was the *sole* policy reason for the exemption is incorrect. The district court reasoned that excluding certain entities (including government contractors) was "eminently rational," and therefore constitutional, for numerous reasons, not just the government's "profit motive." 503 F. Supp. 3d at 600-01.

Indeed, the contract Plaintiff relies on demonstrates such supervision. (*See, e.g.*, ECF 24-8 at 15 (requiring Hudson to operate "in accordance with the Airport Concession Program Handbook").)

In sum, Hudson's operation of the Hudson Nonstop store in Midway Airport is pursuant to a contract with the City of Chicago, and thus not subject to BIPA. Plaintiff's claims must be dismissed with prejudice. *See Navy Pier*, 2022 IL App (1st) 211414-U, ¶ 25.

### B. Plaintiff Does Not Plausibly Allege that JWO Technology Captures Biometric Identifiers

Plaintiff's BIPA claims require Plaintiff to plausibly allege that the JWO Technology collects biometric identifiers. (Mot. at 8-9.) Plaintiff parrots the statutory language by alleging that the JWO Technology captures scans of "facial geometry, hand geometry, and voice print," but she identifies only two categories of supposed facts in support: (1) Amazon's "patents," and in particular the '396 Patent; and (2) the use of a "network of cameras" in an *Amazon Go* (asserting, without support, that they are identical to those in a Hudson Nonstop). (Mot. at 9-14.) Hudson explained in its moving papers why these allegations are insufficient to plausibly allege a BIPA claim. (*Id.*) Plaintiff does not meaningfully dispute this, instead arguing that Hudson's positions are "fact-based issues that cannot be properly resolved on a motion to dismiss absent discovery." (Opp. at 15.) Plaintiff's attempt to confuse the *sufficiency* of her factual allegations with factual *disputes* does not save the Complaint from dismissal.

#### 1. Plaintiff Does Not Plausibly Allege that the Patents Identified Are Implemented in JWO Technology

Hudson demonstrated that Plaintiff failed to plausibly allege that JWO Technology is reflected in the "various patent filings" of Amazon, and particularly, the '396 Patent, as described in the Complaint. (Mot. at 9-12.) Plaintiff fails to meaningfully address these arguments.

*First*, Plaintiff's Opposition does not tie the patents cited in the Complaint to the JWO Technology. Plaintiff gives a selective summary of certain patent claims and then asserts that this description "closely mirrors" the JWO Technology (Opp. at 13), but cites no factual allegations actually showing such a resemblance. Nor could she, as even a cursory review of the the '396 Patent

- 7 -

reveals many more *dissimilarities* with the JWO Technology than similarities. (Mot. at 9-12.) For example, the Patent is titled "Transitioning Items From a Materials Handling Facility" and contains many claims that are not alleged to be implemented in the Hudson Nonstop, such as configuring robots and the presence of "light curtains." (*Id.*; ECF 24-5 at 15, 20, 22.)

Plaintiff does not address these dissimilarities. Instead, Plaintiff asserts that "Plaintiff needs only a basis to allege that JWO plausibly collects biometric data as described in the patent"— again, without attempting to provide such a basis. (Opp. at 13.) Plaintiff's inability to point to any allegations connecting the '396 Patent with the JWO Technology makes clear that Plaintiff's allegations "amount[] to nothing more than speculation," which is insufficient on a motion to dismiss. *See Holland v. Lake Cnty. Mun. Gov't*, 605 F. App'x 579, 580 (7th Cir. 2015).

*Second*, Plaintiff does not dispute that she fails to allege that the JWO Technology was marked with any of the alleged patents. (*See* Mot. at 10.) Instead, she pointlessly asserts that Hudson "identifies no other patents that purportedly cover" the JWO Technology. (Opp. at 13.) This is irrelevant: Hudson is not required to identify which of *Amazon's* patents, if any, are implicated by the JWO Technology. It is instead *Plaintiff's* burden to plead a plausible claim. Plaintiff's failure to do so, relying only on a claim that the patents "*appear to*" relate to the JWO Technology, requires dismissal. (*See* Mot. at 10.)

*Third*, Plaintiff concedes that she has not alleged, and has no basis to allege, that the claims in the '396 Patent related to face, voice, or hand recognition technology are actually implemented in the JWO Technology. And even if the '396 Patent were being practiced in the JWO Technology, these claims were explicitly permissive, not mandatory, and thus the mere fact that the '396 patent contains these claims does not support a reasonable inference that the JWO Technology captures biometric identifiers. (Mot. at 11.) Plaintiff argues, in a footnote, that Hudson "conflates facial, hand, and voice recognition, which are technological analyses that first require a separate collection of identifiers like facial and hand geometry and distinctive voice attributes." (Opp. at 14 n.9.) But Plaintiff's own Complaint conflates these by conclusorily asserting that JWO Technology collects these biometric identifiers "without alleging how, when, or any other factual detail." *See*

- 8 -

*Jacobs v. Hanwha Techwin Am., Inc.*, 2021 WL 3172967, at *3 (N.D. Ill. July 27, 2021).

In sum, Plaintiff's Opposition fails to contradict, and in fact concedes in many respects, Hudson's argument that the identified patents do not make Plaintiff's BIPA claims plausible.

### 2. Plaintiff Does Not Otherwise Plausibly Allege that JWO Technology Collects "Biometric Identifiers," as Defined by BIPA

As Hudson established in its moving papers, Plaintiff's allegations about the existence of a "network of cameras" is insufficient to plead a plausible claim because if it were then virtually every BIPA claim against an Illinois retailer who uses cameras for any purpose would survive the pleading stage. (Mot. at 12-14.) Plaintiff offers no response to this argument, instead providing two responses that have little to do with Plaintiff's pleading. Both fail.

*First*, Plaintiff argues that the Motion is based on "unsubstantiated claims about the scope and abilities of the JWO Technology." (Opp. at 14). Not so. Hudson's Motion does not purport to establish what the JWO Technology can do; it only highlights the implausibility and conclusory nature of what Plaintiff has alleged about the JWO Technology's abilities. For example, Plaintiff's vague assertion that "overhead cameras" somehow capture their facial geometry, absent specific facts, is too speculative and conclusory to survive a motion to dismiss. (*See* Mot. at 12-14.) The Complaint itself cites a video on JWO Technology that explicitly states: "No facial recognition is used." (Compl. ¶ 38 n.32 (citing ECF 24-3).) Likewise, Plaintiff does not dispute that there are no allegations that Plaintiff spoke or otherwise vocalized in the store, or that there are microphones in the store, making it implausible that the JWO Technology captures voiceprints. (*Id.*)

Together, Hudson's examples show that based on "common sense" and judicially noticeable facts (including mask mandates), *it would be impossible* for JWO Technology to work by capturing facial or hand geometry. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 664) (making plausibility determination requires "draw[ing] on [court's] judicial experience and common sense"). Plaintiff cannot make implausible allegations that contradict common sense and reality in order to proceed to discovery. *Id.*

*Second*, Plaintiff urges the Court to ignore that her allegations are fatally deficient and

allow her to proceed to discovery because Plaintiff lacks the information necessary to determine whether the JWO Technology collects biometric identifiers. (Opp. at 14-15.) But speculating about what discovery might reveal in the future does not relieve Plaintiff of her burden to plausibly allege her claims today. Indeed, the case Plaintiff cites to support her argument includes specific facts that create a plausible inference of collection of biometric identifiers that are missing in the Complaint here. (Opp. at 15 (citing *Rivera v. Google, Inc.*, 238 F. Supp. 3d 1088, 1100 (N.D. Ill. 2017) (alleged *how* Google took uploaded photos, extracted the individuals' facial scans, and created custom face templates, all *for the purpose of* uniquely identifying individuals).)

Plaintiff has alleged no specific facts to make plausible that JWO Technology collects biometric identifiers. This Court must reject Plaintiff's attempt to use speculation to impose "the threat of discovery expense." *Twombly*, 550 U.S. at 559. Her BIPA claims must be dismissed.

### C. Plaintiff Does Not Plausibly Allege that Hudson Profits from Biometric Identifiers under Section 15(c) of BIPA

Even if Plaintiff plausibly pleaded both that Hudson was subject to BIPA and collects biometric identifiers, Plaintiff alleges no facts that Hudson profited from her biometric information under Section 15(c). (*See* Mot. at 14-15.) Plaintiff does not rebut the holding in *Vance*, which rejected that such tangential benefits constitute a violation under BIPA. *Vance v. Microsoft Corp.*, 534 F. Supp. 3d 1301, 1305-09 (W.D. Wash. 2021). Nor does Plaintiff cite legal authority for her argument that the mere use of JWO Technology means that Hudson "[i]nherently . . . is profiting" from shopper data. (Opp. at 12.) Instead, Plaintiff quotes the inadequate allegations that "Hudson profits from store purchases enabled by JWO technology" because it "enables . . . minimal human labor costs." (*Id*.) But *Vance* squarely rejected this argument, holding that section 15(c) does not prohibit "any use of biometric data that brings a benefit," 534 F. Supp. 3d at 1308, and that Plaintiff must establish that Hudson "disseminated or shared access to biometric data." *Id.* at 1304-05. Plaintiff has not (and cannot) point to any such allegation. Plaintiff's failure to plead any *specific* facts showing that Hudson collects or has access to—let alone "profits from" the *dissemination* of—biometric identifiers requires dismissal of Count 3. *Vance*, 534 F. Supp. 3d at 1304-05.

Dated: March 8, 2024        Respectfully submitted,

**HUESTON HENNIGAN LLP**

By: /s/ *Moez M. Kaba*

Moez M. Kaba (*admitted pro hac vice*)
Sourabh Mishra (*admitted pro hac vice*)
**Hueston Hennigan LLP**
620 Newport Center Drive
Newport Beach, CA 92660
Tel: (949) 356-5536
Fax: (888) 775-0898
Email: smishra@hueston.com

Nicola Menaldo
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Fax: 206.359.9000
Email: NMenaldo@perkinscoie.com

Kathleen A. Stetsko
J. Mylan Traylor
**Perkins Coie LLP**
110 N Upper Wacker Dr Suite 3400,
Chicago, IL 60606
Telephone: 312.324.8400
Fax: 312.324.9400
Email: KStetsko@perkinscoie.com
Email: Mtraylor@perkinscoie.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Moez Kaba, hereby certify that on March 8, 2024, I electronically filed the aforementioned document using the Court's electronic filing system which will send such filing to all attorneys of record.

_____
Moez Kaba